UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN R. BEARD,

       Plaintiff,                                       Case No: 1:09-cv-283

v                                                      HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## OPINION AND ORDER

Plaintiff, who is right-hand dominant, applied for Disability Insurance Benefits and Supplemental Security Income based on a learning disability, nerve problems, and an injury to his right hand. In rendering a decision on behalf of defendant Commissioner of the Social Security Administration, the Administrative Law Judge (ALJ) denied plaintiff's application. Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the decision. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court reverse the decision to deny disability insurance benefits and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). The matter is presently before the Court on defendant's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and enters this Opinion and Order.

The ALJ found that plaintiff retains the ability to perform "medium level work" subject to certain delineated limitations. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). The ALJ limited plaintiff such that he "cannot climb any ladders, ropes or scaffolds; cannot crawl; may no more than frequently perform pushing/pulling or overhead reaching with the left upper extremity; may no more than occasionally handle or finger [items] with the right hand, but he does retain the ability to use the thumb and index finger; he may use the right hand to assist but not for forceful gripping; must avoid extreme cold; cannot use vibrating tools; cannot perform calculations above a fifth grade math level; and is limited to a job with minimal required writing. Additionally, it is determined that claimant's right extremity limitations would prevent him from being able to meet production quotas" (Transcript of Administrative Proceedings [Tr.] 16).

Plaintiff argued on appeal that the ALJ did not appropriately limit his residual functional capacity (RFC), and the Magistrate Judge agrees with plaintiff that the ALJ's RFC finding is not supported by "substantial evidence" in the record, as the phrase "substantial evidence" has been defined (*see* R&R, Dkt 15 at 2-3). The Magistrate Judge reasoned the following:

> The record contains no medical evidence that supports or is consistent with the ALJ's RFC determination. To the contrary, Plaintiff's care providers have concluded that Plaintiff is impaired to an extent far beyond that recognized by the ALJ. Dr. Drouillard concluded that Plaintiff suffers from complex regional pain syndrome and was only able to work "in a one-handed capacity." Dr. DeHaan concluded that Plaintiff was unable to perform any type of heavy lifting and was unable to perform work activities with his right hand. Plaintiff's reported activities, likewise, fail to support the conclusion that he can perform medium level work. As previously noted, medium work involves lifting up to 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. In sum, the record is devoid of evidence to support the ALJ's RFC determination.

Dkt 15 at 17.

2

Defendant argues that there *is* substantial evidence to support the ALJ's RFC finding and that this Court should therefore decline to adopt the Magistrate Judge's Report and Recommendation (Dkt 16 at 1). Defendant argues (1) that the ALJ's RFC finding is "largely consistent" with Dr. DeHaan's findings, (2) that the ALJ's RFC finding is also supported by the opinion of Dr. Sethy, who reviewed plaintiff's medical records on behalf of the state Disability Determination Services; (3) that the ALJ's RFC finding is supported by plaintiff's ability to perform strenuous activities, such as shoveling snow and mowing the lawn; and (4) that the other medical evidence of record "lends support" to the ALJ's RFC finding, evidence such as the conservative medical treatment plaintiff received through July 2005 and that he underwent open decompression surgery "without complications."[1]

The Court is not persuaded that defendant's objections reveal error by the Magistrate Judge in recommending reversal of the ALJ's RFC finding. Both Drs. Drouillard and DeHaan concluded that plaintiff would be able to work in only a "one-handed" capacity (Tr. 201, 207), but defendant does not address Dr. Drouillard's findings. Dr. DeHaan opined that plaintiff's use of his right hand is "extremely restricted," opining only that plaintiff "may" be able to use the right hand as an assist (Tr. 201). The ALJ's RFC finding, however, indicates that plaintiff may use his right hand to assist, with no limitation. Even Dr. Sethy, who completed a standardized multiple-choice form with

---

[1]To the extent defendant attempts to state further "objections" by merely incorporating by reference its brief in response to Plaintiff's Statement of Errors (Dkt 16 at 1), the Court deems these "objections" waived. Per this Court's local rule, "[w]ritten objections ... shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An "objection" that merely "restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin,* 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

checkmarks and some comments, most of which are nearly illegible and not particularly informative, found that plaintiff's right arm will support the left on only a "frequent" basis (Tr. 295).

The activities plaintiff testified he could perform may support the ALJ's finding that plaintiff is "not completely debilitated" (Tr. 17), but the Court is not convinced that performance of the activities constitutes substantial evidence supporting the ALJ's RFC finding (Tr. 430, 432-33). For example, the Court notes that plaintiff did not testify that he is capable of "mowing the lawn or shoveling snow," phrases used by the ALJ and defendant that indicate a certain level of physical ability; rather, plaintiff's precise testimony was that he need not perform those activities "by hand" because he has a "rider [lawn mower]" and a "[snow] blower" (Tr. 432-33).

Last, as to the "other medical evidence" to which defendant points for support, it is difficult to discern how defendant could characterize plaintiff's 2005 open decompression surgery as a surgery that was performed "without complication" in the face of record evidence that the common branch of the median nerve to plaintiff's right middle and ring fingers was severed during that surgery (Tr. 200, 206, 307).

In sum, defendant's objections do not support the conclusion that there is substantial evidence to support the ALJ's RFC finding. Rather, considering the evidence on the record as a whole and taking into account the evidence in the record that fairly detracts from its weight, the Court agrees with the Magistrate Judge that the RFC determination is properly reversed and the case properly remanded. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 16) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 15) is APPROVED and ADOPTED as the Opinion

of the Court, and the decision of the Commissioner of Social Security is REVERSED AND REMANDED for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 14, 2010                    /s/ Janet T Neff
                                             JANET T. NEFF
                                             United States District Judge