UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BEARD,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                  Case No. 1:09-cv-283

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>. (Dkt. #19, 22). Plaintiff's counsel seeks $6,000.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted**.

Plaintiff initiated this action on March 25, 2009, challenging the denial of his claim for disability benefits. On July 16, 2010, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further proceedings, a recommendation subsequently adopted by the Honorable Janet T. Neff. On July 9, 2013, the Social Security Administration issued to Plaintiff a "Fully Favorable" decision on his claim for benefits, including an award of past-due benefits in the amount of one-hundred nine thousand, eight-hundred seventeen dollars and ninety cents ($109,817.90). (Dkt. #22, Exhibits 4-5).

Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered. (Dkt. #19, Exhibit 2). As Defendant recognizes, the terms of this fee agreement are not readily discernible. In one section of the agreement,

Plaintiff agrees to pay counsel a fee equal to "either 25% of the accrued benefits or $6000.00 whichever is less." (Dkt. #19, Exhibit 2 at ¶ 4). In a subsequent section, however, Plaintiff agrees to pay to counsel "25% of the accrued benefits." (Dkt. #19, Exhibit 2 at ¶ 5). In his motion for attorney fees, counsel asserts that the portion of the fee agreement limiting counsel to "either 25% of the accrued benefits[1] or $6000.00 whichever is less" applies only to the work performed "from the start of [his] services to the conclusion of the first hearing" before an ALJ. (Dkt. #22). Counsel further asserts that the agreement by Plaintiff to pay "25% of the accrued benefits" without limitation applies in the event that counsel represented Plaintiff beyond the denial of benefits following the first hearing before an ALJ. (Dkt. #22). While the fee agreement could have been written with much greater clarity, counsel's interpretation of the fee agreement is neither unreasonable nor inconsistent with general practices in this area of practice. The Court further notes that the amount requested by counsel in the present petition, six-thousand dollars, is not inconsistent with even the least favorable reading or interpretation of the fee agreement.

Before addressing the merits of counsel's request, the Court should briefly address the timeliness of counsel's motion given that such was filed more than three years after entry of judgment in this Court. Section 406(b) does not articulate any time limits on the filing of a motion for fees thereunder. As a result, many courts have applied Federal Rule of Civil Procedure 54 to motions for fees under § 406(b). Rule 54 provides that motions for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). As other courts have recognized, however, applying Rule 54 to motions such as that presently asserted presents a "dilemma." *See, e.g., Reynolds v. Commissioner of Social Security*, 292 F.R.D. 481, 484-85 (W.D. Mich. 2013). Simply stated, at the time judgment is entered in federal court, remanding the matter for further proceedings, counsel simply cannot file a motion for fees

---

[1] In this case, twenty-five percent of Plaintiff's past-due benefits equals $27,454.48. (Dkt. #22, Exhibits 4-5).

because at that juncture he does not know if he is even entitled to fees or the amount to which he may be entitled. *Id.* at 484.

As the *Reynolds* court recognized, however, "the Sixth Circuit has not weighed in on this issue." *Id.* Given the Sixth Circuit's lack of guidance on this issue and the difficulty presented by applying Rule 54 to motions for fees under § 406(b), the Western District of Michigan has amended its local rules to address this circumstance. With respect to the timeliness of a motion for fees under § 406(b), Western District of Michigan Local Rule of Civil Procedure 54 provides that "[t]he time to file a motion for fees expires 35 days after. . .the date shown on the face of the Notice of Award issued by the Social Security Administration." W.D. Mich. LCivR 54(b). Counsel's motion complies with this requirement. The Notice of Award is dated September 17, 2013, and the present motion was filed less than one month later. Defendant has not asserted any objection to the timeliness of counsel's motion. Accordingly, the Court finds that counsel's motion is timely.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Counsel's request is reasonable and not inconsistent with his fee agreement with Plaintiff. Defendant has not opposed counsel's request. Accordingly, the undersigned recommends that the present motion be **granted** and that counsel be awarded $6,000.00 (six-thousand dollars) in fees and costs pursuant to 42 U.S.C. § 406(b).[2]

---

[2] The Court also notes that fees under the Equal Access to Justice Act (EAJA) were neither requested nor awarded in this matter. Thus, the Court need not consider whether the amounts awarded pursuant to the present motion are subject to an offset for amounts awarded under the EAJA. *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002).

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), (Dkt. #19, 22), be **granted** and counsel awarded $6,000.00 (six-thousand dollars) in fees and costs pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                      Respectfully submitted,

Date: February 13, 2014                                /s/ Ellen S. Carmody
                                                                                     ELLEN S. CARMODY
                                                                                     United States Magistrate Judge